ELLIPTICAL CARBON CO. v. SOLAR CARBON & MANUFACTURING CO.
et al.

(Circuit Court, W. D. Pennsylvania. May 13, 1899.)

PATENTS—INFRINGEMENT—ELECTRIC ARC LAMPS.

The Parmly patent, No. 540,800, for an electric arc lamp, which covers pairs of carbon pencils possessing certain peculiar dimensions and capabilities, construed, and *held* not anticipated, valid, and infringed.

This was a suit in equity by the Elliptical Carbon Company against the Solar Carbon & Manufacturing Company and others for alleged infringement of a patent for an electric arc lamp.

Charles A. Brown & Cragg, for complainant.
Thomas B. Kerr, for defendants.

ACHESON, Circuit Judge. This suit is for the infringement of letters patent No. 540,800, dated June 11, 1895, granted to Samuel P. Parmly, upon an application filed October 26, 1891.

"The invention," the patent recites, "relates to arc lights, and has for its object to provide a double-service or long-burning arc lamp which shall contain but a single pair of electrodes, and shall possess certain advantages with reference to the establishment and maintenance of the arc and with regard to preventing shadows in the light, as hereinafter set out."

The specification, after referring to the attached drawings, states:

"The groups here illustrated are each of them in the general form of an ellipse in cross-section, or a plate having such a cross-section as would constitute a form having a width substantially one-half its length. The cross-sectional area of these groups is also substantially equal to twice the cross-sectional area of an ordinary round carbon having a diameter equal to the width of the cross-section of my proposed carbon."

The specification further states:

"The preferred form of carbon is substantially that shown in Figs. 1, 2, and 6; or, in other words, a carbon substantially elliptical in cross-section, and having a cross-section whose width is substantially one-half of its length, with rounded or flattened ends. The central transverse diameter may be extended or shortened; as, for example, in the two forms shown in Figs. 2 and 6.

"I have found by a long course of experiments that where a carbon formed substantially as suggested is employed in a lamp, and placed in opposition to a similar carbon, the tendency is to burn in something like the form indicated in Fig. 1, and also that both carbons or electrodes retain a continuously heated end, so that, as the arc travels along the opposed edges, which it must do, there is no occasion for it to attack cold material, and hence it is possible to keep a comparatively uniform arc, although the same travels back and forth across the edge of the opposed electrode. A satisfactory arc is obtained without material localization by a construction of electrodes in which the arc is permitted to travel back and forth."

The specification, after referring to different forms of carbon, states:

"Such change of form would not take a device out of the scope of my invention so long as such changed form of carbon permitted the arc to travel back and forth without material or substantial localization thereof." Again it is said: "Many other forms of carbons could easily be devised which would be, in effect, the same as those here illustrated. These several forms, however, when so used, keep the arc in motion for the most part and to a very great degree avoid localization of the arc."

The evidence, I think, shows the sale by the defendant company of pairs of carbons elliptical in cross-section, of the dimensions stated in the patent in suit, and possessing the advantages and operating in the manner therein described. The proofs, in my judgment, are sufficient to make out the charge of infringement, although it is not shown that the defendants make, or sell, or use arc lamps. The claims of the patent are for pairs of carbon pencils possessing certain peculiar dimensions and capabilities, for burning in electric arc lamps. Now, undoubtedly, the carbons manufactured and sold by the Solar Carbon & Manufacturing Company are intended for such use. There is not a particle of evidence to show that the defendants' carbons are intended for any other purpose, or that they are capable of any other use.

I am not able to discover in the prior patents or in the Dredge publication any anticipation or disclosure of the invention of the patent in suit. Nor am I persuaded that the Parmly invention here in question is lacking in patentable novelty or usefulness. Under all the proofs the court would not be justified in holding that the carbons of the patent in suit do not differ in arc action from the carbons of the prior art. The weight of the evidence, I think, requires the finding that the carbons of the patent in suit produce a satisfactory long-burning electric arc light in which the arc travels back and forth along the opposed edges of the two carbons continuously, without extinction, and without material localization.

The defense of prior use has received careful attention. The use at the Stanton street station, in the city of New York, by the United Electric Light & Power Company, has been most strongly urged as anticipatory. The evidence here comes nearest to showing prior use. My conclusion, however, upon this branch of the case, after the most serious reflection, is unfavorable to the defendants. The preliminary statement of Parmly in the interference between him and Hockhausen, which is one of the defendants' exhibits here, carries back the invention of the patent in suit to the 15th day of February,

1890. The earliest telegraphic order from the United Electric Light & Power Company to the Westinghouse Company for "half-width carbons" is dated February 14, 1890. The telegraphic order from the Westinghouse Company to the Washington Carbon Company is dated February 17, 1890. The description in this latter order is, "10,000 9 1/2 in. 1 in. carbons 7/16 in. thick, pointed same as wide carbon." No part of this order, it would seem, was filled until the succeeding month of April. Mr. Baker testifies that he and Mr. Walter, about February 9, 1890, used carbons one inch wide, made by splitting lengthwise carbons which were nine inches long; two inches wide, and seven-sixteenths of an inch thick. Baker and Walter differ as to the finished shape of the carbons they thus made. That they are both at fault in recollection is indicated by the order of February 17th to the Washington Carbon Company. Certainly the carbons furnished by that company were rectangular in cross-section, and were one inch in width by seven-sixteenths of an inch in thickness. Now, in one part of his testimony Mr. Baker states that "the carbons which were furnished by the Washington carbon factory were practically the identical carbons in shape as those made by me." The carbons so made and used by Baker and Walter did not give good results. They were unsatisfactory. They were not made with reference to the principle of Parmly's invention. If the proportions of his carbons were even present (which is not satisfactorily shown), it was without any intelligent appreciation of the fact, or of the advantages to be thereby secured. In fact, the advantages of the Parmly invention were not there realized. Upon the whole I am of opinion that no one of the defenses is sustained by the proofs, and that the plaintiff is entitled to relief. Let a decree be drawn in favor of the plaintiff.